UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMIE L. ADAIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-3149 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Plaintiff Jamie L. Adaire's Application to Proceed in District Court Without Prepayment of Fees (d/e 2) and her Motion for Appointment of Counsel (d/e 3) ("Motion").

ANALYSIS

Plaintiff's Application is incomplete in several respects. Numerous boxes on the form are unchecked, and the Application fails to state all sources and amounts of income. Moreover, the Application is not dated. Plaintiff must provide this to the Court if she wishes to proceed without

1

prepayment of fees.

As for the Motion for appointment of counsel, civil litigants may seek to have counsel appointed pursuant to 28 U.S.C. § 1915, but they have no constitutional or statutory right to be represented by counsel in federal court. See Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the district court. See Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. See Swofford v. Mandrell, 969 F.2d 547, 551 (7th Cir. 1992) (citing Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983)); see also Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir. 1981). A court will appoint an attorney to assist a litigant "only when the

cases are colorable, the facts may be difficult to assemble, and the law is complex". <u>DiAngelo v. Illinois Dept. of Public Aid</u>, 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of *pro bono* counsel must show that she has made a reasonable attempt to retain private counsel, or that she is effectively precluded from making such efforts. See <u>Jackson</u>, 953 F.2d at 1072.

Due to the early stage of this litigation, the Court does not know whether Plaintiff has a meritorious claim. Because the relevant records are available to Plaintiff, she faces no investigatory hurdles and there is no likelihood that a truthful result can only be obtained by appointing her counsel. See <u>Merritt</u>, 697 F.2d at 765. Furthermore, the limited record before the Court suggests that Plaintiff is capable of making arguments and applying legal authority without assistance of counsel. The legal issues raised in Plaintiff's Complaint and the evidence necessary to support her contentions are not so complex or intricate that an attorney is necessary. Moreover, there is no indication that Plaintiff made any effort to retain private counsel.

## CONCLUSION

THEREFORE, Plaintiff is given until June 14, 2011, to file a completed Application to Proceed in District Court Without Prepayment of Fees. If she does not timely file, her Application may be denied without further notice. Plaintiff's Motion for Appointment of Counsel (d/e 3) is DENIED.

IT IS SO ORDERED.

ENTERED: May 31, 2011.

FOR THE COURT

                                        s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE